Filed 2/29/24  P. v. Coker CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082664, D082665 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD256363 & SCE329342) |
| JERRY COKER, | |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2014, Jerry Coker pleaded guilty to criminal threats (Pen. Code,[1] § 422, subd. (a)).  He was sentenced to prison.  Probation was revoked on a prior felony conviction and Coker was sentenced to a concurrent term in

---

[1]     All further statutory references are to the Penal Code.

prison.  In 2019, Coker was released on parole and committed as a mentally disordered offender (MDO) (§ 2962).

The most recent recommitment trial was held in August 2023.  The parties waived jury trial and the court conducted a bench trial.  Coker was recommitted for an additional year.  Coker filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel requests the court to conduct an independent review of the record for error consistent with the holding of *Wende*.  We invited Coker to file his own brief on appeal, but he has not responded.

Counsel candidly acknowledges existing appellate case law holding appeals from civil commitments as MDOs are not subject to the requirements of *Wende*.  In *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*), the court discussed the question of whether *Wende* applied in appeals from civil commitments under the MDO statute.  In a well-reasoned opinion, the court held that *Wende* does not apply to such appeals.  Counsel urges us not to follow *Taylor* and conduct an independent review of the record for error as we would do under *Wende*.

We reject appellate counsel's suggestion.  We will follow the court's holding and reasoning in *Taylor* and conclude *Wende* review procedure does not apply to Coker's current appeal.

Counsel has provided a summary of the testimony presented at Coker's most recent recommitment trial.  We incorporate the summary into this opinion for background purposes.

At Coker's trial, by stipulation of the parties and without objection, reports authored by Michael Kelly, Nicole Friedman and Stacey Bernardino

2

were received in evidence, and the parties stipulated as the qualifications of all authors to render their expert opinions in this case. Petitioner called no live witnesses.

Coker was called to testify by his attorney. He testified that he does not understand the purpose of the hearing. He testified as to his belief that he has been at Coalinga for 12 years and has been incarcerated for 23 years "for a hair comb." On cross-examination, he elaborated that he had seen a lady, her husband, and her child by the wall of McDonalds, had grabbed a 14 karat hair comb switchblade from his pocket, and had said to her, "[i]f your husband and your father keep going around downtown central jail and beating me up and throwing me in the toilet—in the trash cans, I'm going—I'm going to stab their butt." He had been terrified of the woman and her husband and had felt the need to protect himself from them.

Coker testified that he takes Lithium, Haldol, and a diet pill and that he takes his medications voluntarily. He knows that the purpose of the Lithium is to treat his bipolar symptoms, and he knows that he needs the medication. It works "great," and if he were to be discharged, he would continue taking it. He acknowledged that he is taking Olanzapine, but he does not think he is schizophrenic. He testified that he was made subject to an involuntary medication order in September because he was a lab research subject.

Coker has not gotten into any fights at Coalinga in the past year, and he attends all of his groups, which include Leisure, Art, Music, Discharge-Coming Home. These groups are offered once, weekly. He is doing well at Coalinga and is at "Level 20," which he explained is the highest level and permits him "to run things" with "AJ," who is "the owner of the building," meaning Coalinga State Hospital. Coker would like to be discharged or to go

3

to Patton State Hospital.  Alternately, he would like to go to Washington.
Coker testified that his uncle sent him 20 billion dollars to go buy a house,
get a car, and purchase food and furniture, but he never received the money.
Coker testified that he is 71 years old[2] and would like to live in a retirement
home.

We reviewed the record before we addressed the applicability of *Wende*
and *Anders v. California* (1967) 386 U.S. 738.  Our review has not discovered
any arguable issues for reversal on appeal.  Competent counsel has
represented Coker on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.

---

[2]     Coker was born on March 13, 1972.